## Ida Osberg by Jacob Osberg, Appellee, v. Cudahy Pack-
ing Company, Appellant.

## Gen. No. 21,292.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MAR-
CUS A. KAVANAGH, Judge, presiding. Heard in the Branch Ap-
pellate Court at the March term, 1915. Affirmed. Opinion filed
April 12, 1916. *Certiorari* denied by Supreme Court (making opin-
ion final).

## Statement of the Case.

Action by Ida Osberg, a minor, by Jacob Osberg,
her next friend, plaintiff, against Cudahy Packing
Company, a corporation, defendant, for personal in-
juries alleged to have been caused by the negligence
of the defendant. From a judgment against it for
$3,000, defendant appeals.

The declaration originally consisted of six counts,
but prior to the trial, on motion of plaintiff's attor-
neys, it was amended by dismissing the fourth, fifth
and sixth. The first count alleged, in general terms,
that the defendant carelessly and negligently drove its
automobile truck, and in consequence the plaintiff was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

struck and run over. The second count charged that the defendant carelessly and negligently drove the truck at a high, dangerous and excessive rate of speed, to wit, forty miles an hour, while the third count charged that the defendant failed to ring the bell or sound the horn with which the truck was equipped, or otherwise to warn the plaintiff of the danger.

The evidence disclosed that a chauffeur and helper in the employ of the defendant were driving a truck weighing about 8,700 pounds, loaded with about five tons of meat, in a westerly direction along the north side of Hastings street. The chauffeur and helper were seated in the cab or covered seat, which had celluloid curtains front and back, but open at the sides. The back curtain had holes covered with celluloid about twelve inches square, but there was no testimony as to how the front curtain was constructed.

The truck entered Hastings street at Loomis street, in the vicinity of Laflin street. On the north side of Hastings street a band was playing, and there were children running about in the street. About seventy-five feet from Laflin street, the plaintiff, a little girl about four years of age, ran out into the street and was struck and run over by the truck. As a result it became necessary to amputate her left arm about three inches from the shoulder.

The testimony of all the witnesses substantially agrees in regard to the physical condition of the street and the presence of the children in the vicinity, but there was a conflict in regard to the rate of speed at which the truck was going, and the question of whether there were wagons and a buggy along the north side of Hastings street near the curbstone.

The chauffeur's testimony was to the effect that there were two wagons and a buggy; that the little girl ran out from in front of the horse attached to the buggy; that she was about eight feet from him when he saw her; that he used the emergency and foot brakes,

and did all he could to stop the car; that he could make an emergency stop in about twenty feet; that she was about ten feet behind the car when it stopped; that his helper was blowing the whistle; that when he entered Hastings street he was going about twelve miles an hour, but before the accident he slowed down to eight miles an hour. He was corroborated by the testimony of his helper, who, however, said that he did not see the little girl until after the accident. He was also corroborated by a policeman, who said that the truck was going at a slow rate of speed, and that there was a large crowd of little children running around the street to hear the band.

The witness Stein, for the plaintiff, testified that there were no wagons nor buggy near the place of the accident; that the little girl was about ten feet from the curbstone when she was struck; that he did not hear any horn or bell, and that there was a band playing on the other side of the street.

A witness who saw the accident from a window said the car was going ten or twelve miles an hour; that there were no buggies nor vehicles along the north side of the street, and that the truck was about fifteen or twenty feet beyond the place of the accident. Her testimony was corroborated by that of another witness.

Counsel for defendant contended that the evidence did not establish any negligence on its part. The undisputed evidence showed the gross weight of the loaded truck was about nine and one-half tons. Plaintiff's witnesses testified that it was going from ten to twelve miles an hour, while defendant's testified it was going from seven to eight miles an hour. All agreed that there were many little children in the street in the vicinity of the truck, attracted by the playing of a band.

JOHN A. BLOOMINGSTON, for appellant.

DANIEL A. LEVY, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 191*—*when question of fact.* In an action to recover for injuries by an automobile or other vehicle, the question whether the speed at which such automobile or other vehicle was driven was negligent is a question for the jury where the evidence is conflicting.

2. APPEAL AND ERROR, § 1411*—*when verdict not set aside where evidence conflicting.* Where the evidence as to whether or not the rate of speed at which an automobile truck was being driven was negligent is conflicting, the verdict will not be set aside on appeal when not against the weight of the evidence.

3. INSTRUCTIONS, § 135*—*when failure to give unasked instruction not error.* Failure to instruct as to the dismissal of certain counts of a declaration is not error when such instruction was not asked and the declaration as it existed at the time of the trial did not contain the counts in question.

4. INSTRUCTIONS, § 110*—*when instruction as to right to recover not objectionable.* In an action to recover for injuries alleged to have been caused by defendant's auto-truck, certain counts in the declaration of which were dismissed on plaintiff's motion before trial, an instruction that "if the defendant carelessly and negligently drove the auto-truck as charged in the declaration," they should find the defendant guilty, is not objectionable as permitting the jury to find defendant guilty on a count which had been dismissed.

5. DAMAGES, § 211*—*when instruction as to amount recoverable for personal injuries not objectionable.* In an action to recover for personal injuries, it is proper to give an instruction allowing a recovery for "all damages, present and future, if any, which from the evidence can be treated as a necessary and direct result of the injury complained of."

6. INSTRUCTIONS, § 96*—*when instruction as to credibility of witness not improper.* An instruction that if the jury believe "that any witness has wilfully and knowingly sworn falsely to any material element in this case, then they have a right to reject the entire testimony of this witness, except in those matters, if any there be, where his or her testimony is corroborated by other credible evidence or by facts and circumstances appearing in the case," is proper.

7. INSTRUCTIONS, § 89*—*when instruction as to preponderance of evidence not objectionable.* An instruction to the jury as to de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

termining the preponderance of the evidence, which tells them that they may take into consideration the number of witnesses testifying, is not objectionable.

8. INSTRUCTIONS, § 131*—*when refusal of instruction ignoring theories of case proper.* In an action to recover for personal injuries to a child by defendant's automobile, an instruction that "if the child ran in front of the automobile so suddenly that the driver had no notice of any danger," etc., then plaintiff could not recover, is properly refused since it fails to take into consideration the question whether the accident was the result of such negligent driving as made it impossible for defendant's chauffeur to avoid the accident after seeing the child.

9. EVIDENCE, § 52*—*when refusal of evidence not connected with physical facts of case not error.* In an action for personal injuries, the refusal to permit a witness to testify as to what was visible to him at a certain point is not error, where such point was not the one from which the accident was seen by another witness to whose testimony the question related.